IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ELGIN A. GARRETT,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>DEPUTY E. BANKS; DEPUTY M. PEROZ; DEPUTY D. TEICHERA; COUNTY OF ALAMEDA,<br><br>　　　　Defendants.<br>_____ | No. C 10-5391 JSW (PR)<br><br>**ORDER GRANTING EXTENSION OF TIME**<br><br><br><br><br><br>**(Docket No. 17)** |

　　　Good cause appearing, Plaintiff's request for an extension of time (docket number 17) in which to file an opposition to Defendants' motion for summary judgment is GRANTED. The opposition is due on or before **August 24, 2011**. Plaintiff is advised for a second time to read the attached page headed "NOTICE -- WARNING," which is provided to him pursuant to *Rand v. Rowland*, 154 F.3d 952, 953-954 (9th Cir. 1998) (en banc), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988), and if applicable the attached page headed "NOTICE -- WARNING (EXHAUSTION)," *see Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.4 (9th Cir. 2003). A brief additional extension of time will be considered by the Court only if Plaintiff shows good cause therefor **before** the deadline of August 24, 2011

　　　Prison officials at the High Desert State Prison, where Plaintiff is currently incarcerated, are respectfully requested to allow Plaintiff reasonable access to the law

1  library in order to allow Plaintiff to meet the deadline set forth herein.

2        Defendants shall file a reply brief within 14 days of the date any opposition is
3  filed.

4        IT IS SO ORDERED.

5  DATED: July 26, 2011

6  

7                              JEFFREY S. WHITE
                            United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

ELGIN A GARRETT,

        Plaintiff,

  v.

NORTH COUNTY JAIL et al,

        Defendant.

Case Number: CV10-05391 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on July 26, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elgin A. Garrett AG-4987
High Desert State Prison
A3-117L
P.O. Box 3030
Susanville, CA 96127

Dated: July 26, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk

**NOTICE -- WARNING (SUMMARY JUDGMENT)**

If defendants move for summary judgment, they are seeking to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial.

**NOTICE -- WARNING  (EXHAUSTION)**

If defendants file an unenumerated motion to dismiss for failure to exhaust, they are seeking to have your case dismissed.  If the motion is granted it will end your case.

You have the right to present any evidence you may have which tends to show that you did exhaust your administrative remedies.  Such evidence may be in the form of declarations (statements signed under penalty of perjury) or authenticated documents, that is, documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers, such as answers to interrogatories or depositions.

If defendants file a motion to dismiss and it is granted, your case will be dismissed and there will be no trial.